FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 2 5 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| George Pascoe,<br><br>    Plaintiff<br><br>-against-<br><br>The City of New York; Lourdes Ederica, in her individual capacity; John Doe, in his individual capacity,<br><br>    Defendants | ECF CASE<br><br>CV 11 - 1472<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>VITALIANO, J.<br><br>CARTER, M.J. |

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

## JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events

giving rise to the claim occurred in the Eastern District of New York.

## JURY DEMAND

5. The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. Plaintiff GEORGE PASCOE is a resident of New York City.

7. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Department of Health and Hospitals Police (NYHP) is a department of the City responsible for, among other functions, providing police and security services and enforcing state and city laws at hospitals operated by the New York City Health and Hospitals Corporation (HHC).

9. NYHP officers are designated "peace officers" under New York Criminal Procedure Law § 2.10(40).

10. At all relevant times herein, defendant LOURDES ENDERICA AND JOHN DOE (collectively, the "Individual Defendants") were peace officers employed by HHC and acting their capacity as agents, servants and employees of the City.

11. Plaintiff is unable to determine the actual names of John Doe at this time and thus sues him under fictitious names.

12. At all times relevant herein, the Individual Defendants were acting under color

of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

13. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

14. On the morning of March 30, 2010, plaintiff George Pascoe was waiting to pick up medication for his heart condition at the pharmacy at Kings County Hospital, located at 541 Clarkson Avenue in Brooklyn, New York. Mr. Pascoe's prescription had run out and he needed the refill quickly so he would not miss a dose.

15. After waiting for hours, Mr. Pascoe became frustrated with what he believed to be the pharmacy's unnecessary delay. He complained to the pharmacy clerk, and in his frustration, admittedly used some profane language. Mr Pascoe, however, immediately regretted his choice of words and apologized to the clerk.

16. Mr. Pascoe was then approached by someone he was told was a supervisor at the pharmacy. The person aggressively asked Mr. Pascoe "what the problem was." Mr. Pascoe repeated that he urgently needed his medication and had been made to wait for hours. Although still upset, he did not raise his voice or cause any public disturbance.


17. The supervisor then left the area and returned a few minutes later with a person who appeared to be an NYHP sergeant, defendant John Doe, and another person who appeared to be a hospital employee.

18. Although Mr. Pascoe's exhibited his frustration at not getting his medication though his use of coarse language, he did not at any time cause public alarm or disturbance. Nor did he at any time cause a crowd to gather. His words were directed solely at the hospital employees or the NYHP officers with whom he was talking.

19. This notwithstanding, John Doe responded by arresting Mr. Pascoe, handcuffing him behind his back and roughly leading him away from the area.

20. John Doe escorted Mr. Pascoe to an NYHP station located at the hospital, where he was handcuffed to a pole on the wall.

21. Mr. Pascoe remained there for about an hour while NYHP personnel processed his arrest.

22. Defendant Enderica, who was present at the NYHP station, filled out a summons (the "Summons") that was provided to Mr. Pascoe. The Summons charged Mr. Pascoe with Disorderly Conduct (New York Penal Law § 240.20(3)). The Summons was signed by Officer Enderica, who stated under penalties of prosecution that she "personally observed the commission of the offense charged" therein.

23. On information and belief, Officer Enderica was not present in the pharmacy when the alleged conduct for which Mr. Pascoe was charged occurred.

24. In the space on the Summons for the witnessing officer to describe the offense, defendant Enderica wrote simply, "Intent to cause public inconvences [*sic*], annoyance alarm engage, disruptive behavior at above location."

25. The charges contained in the summons were dismissed by a judge of the Criminal Court of the City of New York as legally insufficient on the return date of May 27, 2010.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

26. All other paragraphs herein are incorporated by reference as though fully set forth.

27. By arresting, and detaining the Plaintiff, the Individual Defendants engaged under color of law in the violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from excessive force, unreasonable searches and seizures, and false arrest.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

28. All other paragraphs herein are incorporated by reference as though fully set forth.

29. Municipal liability for the violations of the Plaintiff's Fourth and Fourteenth

Amendment rights rests upon the grounds set forth below.

30. At all times material to this complaint, the defendant City, acting through the NYHD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

31. At all times material to this complaint, the defendant City, acting through the NYHD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said Individual Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

### THIRD CAUSE OF ACTION
### Pendant State Law Claim
### for False Arrest

32. All other paragraphs herein are incorporated by reference as though fully set forth.

33. By the actions described above, the individual defendants jointly and severally, violated Plaintiff's rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which the Plaintiff suffered the loss of physical liberty.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to Plaintiff against the defendants,

jointly and severally;

3. Award Plaintiff reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.

Dated: New York, New York
March 23, 2011

> Respectfully submitted,
>
> Darius Wadia, L.L.C.
>
>
> By: Darius Wadia, Bar number DW8679
> Attorney for Plaintiff
> 233 Broadway, Suite 2208
> New York, New York 10279
> dwadia@wadialaw.com